JiDECUIR, Judge.
Plaintiff, Larry Mose, appeals the judgment of the hearing officer of the Office of Workers’ Compensation, asserting that the hearing officer erred in failing to assess the proper amount of weekly benefits, and in failing to order defendant to pay for a disco-gram recommended by plaintiffs treating physician. We affirm.
Addressing plaintifPs first assignment of error, we note that the hearing officer found that the nature of plaintiffs employment was that of a part-time employee as defined by La.R.S. 23:1021(9). Plaintiff does not dispute the hearing officer’s finding in this regard, but contends the hearing officer made no determination of the proper weekly rate. The hearing officer in fact determined that the plaintiffs average weekly wage should be calculated on the basis of part-time employment. Plaintiff began his employment with defendant, Ashy Construction Company, Inc., in May 1993. He was injured on June 14, 1993. Compensation benefits were paid after the accident at the rate of $87.29 per week based on an average weekly wage of $130.94. *285 The record reflects that plaintiffs wages for the four weeks preceding the accident were:
May 23, 1993 $ 67.50
May 30, 1993 22.50
June 6, 1993 233.75
June 13, 1993 200.00
|2Using the calculation set forth in La.R.S. 23:1021(10)(a)(iii) for part-time employees, we conclude that the rate of compensation was correctly determined and find plaintiffs assignment in this regard to be without merit.
Secondly, plaintiff contends the hearing officer erred in failing to order defendant to pay for a discography recommended by plaintiffs physician, Dr. John Cobb. Dr. Cobb recommended the discography, but does not recommend surgery. Plaintiff was seen by Dr. Gregory Gidman at defendant’s request. Dr. Gidman is of the opinion that a discography is not indicated. The state-appointed physician, Dr. Stephen Flood, recommended the discography only in connection with surgery. In light of the evidence, we conclude that the hearing officer was not manifestly erroneous in finding that the invasive discography procedure does not appear to be reasonable and necessary medical treatment.
Costs of appeal are assessed to plaintiff-appellant.
AFFIRMED.